IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD RAY RICHARDSON, | ) | |
|     Petitioner, | ) | Civil Case No. 7:14cv00550 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | United States District Judge |

Petitioner Bernard Ray Richardson, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole from a 1986 conviction in the Fairfax County Circuit Court.[1] Although, there are substantial advantages in resolving federal habeas actions in the federal district court that is nearest to the court where the underlying state conviction arose, see Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 497-99 (1973), in the interests of judicial economy, the court will address Richardson's petition in this court. Court records indicate that Richardson previously filed a § 2254 motion regarding the same revocation, which the United States District Court of the Eastern District of Virginia denied. See Civil Case No. 1:09cv218 (E.D. Va. Sep. 16, 2011). Under the provisions of the federal habeas statutes regarding subsequent or successive § 2254 petitions, the court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. See 28 U.S.C. § 2244(b). Because Richardson has not submitted any evidence that he has obtained such certification by the Court of Appeals, the court will dismiss his petition without prejudice as successive.

    Entered: December 16, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[1] The court notes that Richardson's petition is largely nonsensical and incomprehensible. To the extent Richardson may be attempting to challenge some other conviction or revocation, any such claim is dismissed without prejudice to Richardson's opportunity to refile such claim in a separate action.