IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BERNARD RAY RICHARDSON, )
    Petitioner, )
) Civil Case No. 7:14-cv-00550
v. )
) By: Elizabeth K. Dillon
HAROLD W. CLARKE, ) United States District Judge
    Respondent. )

**MEMORANDUM OPINION**

    This matter is before the court on Richardson's motion for reconsideration of the court's memorandum opinion and order entered on December 16, 2014, which dismissed, without prejudice, his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 as successive.[1] The court construed Richardson's petition as a challenge to the revocation of his parole from a 1986 conviction in the Fairfax County Circuit Court, but noted in its opinion that Richardson's petition was "largely nonsensical and incomprehensible." (Dkt. No. 5 at 1 n.1.) The court further ruled that, to the extent Richardson was attempting to challenge any other conviction, any such claim was "dismissed without prejudice to Richardson's opportunity to refile such claim in a separate action." (Dkt. No. 5 at 1 n.1.)

    Thereafter, Richardson filed the instant motion for reconsideration (Dkt. No. 7), arguing that his petition was not successive because the prior case that the court relied on in making this determination, *Richardson v. Johnson*, Civil Action No. 1:09cv218 (E.D. Va. Sep. 16, 2011), challenged other convictions on other grounds.

    On May 1, 2015, the case was transferred to the undersigned. (Dkt. No. 11.) The court has carefully reviewed Richardson's petition and his motion for reconsideration, and concludes

---

[1] The court notes that based on the exhibits attached to his petition, it appears that Richardson has a 1986 conviction in the Fairfax County Circuit Court, 1987 convictions in the Stafford County Circuit Court, and 2003 convictions in the Charlottesville and Albemarle County Circuit Courts.

that the prior dismissal of his complaint without prejudice was proper.

In his petition, Richardson identified the conviction he was challenging as one imposed by the "Virginia State Supreme Court," referenced a 2014 case before that court,[2] and stated he was challenging a Virginia parole violation of three years and six months for the crimes of "statutory burglary and burglary tool and petit larceny." (Dkt. No. 1 at 1.) In the section of his petition asking him to identify the grounds on which he was challenging his conviction, he listed two grounds, although neither was explained with any clarity.

In the first ground for relief, Richardson referred to the calculation of his parole and an instance of his parole being revoked. Specifically, he stated that he completed service of his 1986 "mandatory parole release" on December 18, 2002, which was six months after he contends he should have been released based on Va. Code § 53.1-159. He then referenced a November 29, 2004 revocation of his parole for a parole violation as being unconstitutional, but does not explain why. (Dkt. No. 1 at 4, 6.)

In his second ground for relief, he referred to an October 10, 2008 Virginia Supreme Court decision which he describes as granting him a "stay" to file his "unlawful imprisonment May 12, 2014 writ of habeas corpus." (Dkt. No. 1 at 5.) In this ground, too, he claimed that he should have been granted mandatory release on parole in June 2002 and that this would have expired on December 19, 2002. He also complained about a loss of good time credits while incarcerated as affecting his parole release date. (Dkt. No. 1 at 5, 6-7.)

His motion for reconsideration asserts that *Richardson v. Johnson*, Civil Action No. 1:09-cv-218 (E.D. Va. Sep. 16, 2011) "absolutely did not address" his "parole violation." (Dkt. No. 7 at 1.) He refers to other convictions and sentences (although his motion is not clear as to

---

[2] In that case, *Richardson v. Clarke*, No. 140780 (Va. June 26, 2014) (unpublished), the court dismissed Richardson's petition for a writ of habeas corpus filed May 12, 2014, both because it was based on facts that petitioner knew when he filed his 2008 petition and because it was not timely. (*See* Dkt. No. 1-2 at 14-15.)

whether he believes that the Eastern District of Virginia case or his petition in this case concerned those convictions and sentences) and he discusses other issues allegedly addressed by the *Richardson v. Johnson* decision. (*See id.*)  But he does not identify (and certainly does not make clear) what conviction and/or sentence he is attempting to challenge in this case or what his claims are concerning that conviction and/or sentence.

Notably, moreover, the Eastern District of Virginia decision upon which this court relied to conclude this petition is successive, references many of the same arguments and convictions that Richardson referenced in his petition here.  *See Richardson v. Johnson*, Civil Action No. 1:09-cv-219 (E.D. Va. Sept. 16, 2011), slip op. at 3-4.  Contrary to his assertions in his motion to reconsider, he did challenge at least his 2004 parole revocation in the Eastern District of Virginia case (*id.* at 4), and that court denied his petition as untimely.

In light of petitioner's failure to clearly identify the conviction being challenged or his asserted bases for relief in the instant case, this court's prior determination that his petition was successive was not erroneous, nor is reconsideration necessary to "prevent manifest injustice." *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (grounds for relief under Rule 59 are: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice").

Also, to the extent that petitioner was attempting to raise different claims than he asserted in *Richardson v. Johnson*, the court's prior order clearly stated that such claims were dismissed "without prejudice to Richardson's opportunity to refile such claims[s] in a separate action" (Dkt. No. 5 at 1 n.1), in accordance with Rule 2(d) of the Rules Governing Section 2254 Cases. Thus, to the extent Richardson intended to challenge a different conviction, he was free to refile

his petition and make that clear. He did not.

For the foregoing reasons, the court remains convinced that Richardson's petition was properly dismissed without prejudice and will therefore DENY his motion for reconsideration.

Entered: May 6, 2015.

*Elizabeth K. Dillon*
United States District Judge